Pono Law Group – Professional Law Corporation
Aaron K. Wills, Esq. (Hawaii Bar No. 10660)
2909 Waialae Avenue #27
Honolulu, HI 96826
Telephone: (808) 501-0150
Email: awills@ponolawgroup.com
Attorney for Plaintiffs
Antonio and Frellie Sayno

**Electronically Filed
SECOND CIRCUIT
2CCV-25-0000752
04-AUG-2025
03:00 PM
Dkt. 1 CMPS**

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ANTONIO AND FRELLIE SAYNO, | CIVIL NO. _____ |
| Plaintiff(s), | (Contract) |
| v. | |
| STATE FARM HIRE AND CASUALTY COMPANY, | COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |
| Defendant. | |

## **COMPLAINT**

Plaintiff Antonio and Frellie Sayno, ("Plaintiff"), by and through the undersigned attorneys, brings this Complaint against Defendant State Farm Fire and Casualty Company, ("Defendant"), and alleges as follows:

### THE PARTIES

1.      At all times material hereto, Plaintiff was and is the owner of 127 Makalauna Street, Kihei, HI 96753, Tax Map Key No. 3-9-048-079-0000  (the "Property").

2.      Defendant is, and at all times material, was a Foreign for-profit corporation registered to do business in the State of Hawaii.

**EXHIBIT "1"**

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai`i.
Dated at: Wailuku, Hawai`i 04-AUG-2025, /s/ Sandy S. Kozaki, Clerk of the Second Judicial Circuit, State of Hawai`i



3.     Upon information and belief, at all time material, Plaintiff maintained an insurance policy issued by Defendant bearing policy number 51-BN-1260-8 for the period October 12, 2022 through October 12, 2023 (the "Policy").

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to Hawaii Revised Statutes ("HRS") Sections 603-21.5, 632-1, and 634-35, as this matter involves an actual controversy regarding the rights and obligations of the parties under an insurance policy.

5.     Venue is proper in this Circuit pursuant to HRS Section 603-36 because the transactions and events giving rise to Plaintiff's claims occurred in this Circuit and the Property at issue is located herein.

## FACTUAL BACKGROUND

6.     At all times material, Plaintiff's Property was covered by the Policy for losses including wind, storm, and related damages.

7.     Plaintiff timely paid all premiums required by the Policy, and the Policy remained in full force and effect at all relevant times.

8.     On or about August 02, 2023, Plaintiff's Property sustained significant damage due to the wind storm affecting the island.

9.     The damages included but were not limited to structural damage to the roof, interior water intrusion, damage to ceilings, walls, and/or personal property.

10.    Plaintiff promptly reported the loss to Defendant and complied with all post-loss obligations under the Policy, including but not limited to providing timely notice, cooperating with inspections, and submitting requested documentation.

11.    Defendant acknowledged receipt of the claim and assigned claim number 51-54B1-74C.

12.    Despite evidence of covered damage, Defendant failed and refused to admit coverage and has either underpaid or denied benefits owed under the Policy.

13.    Defendant's refusal to pay has caused Plaintiff ongoing hardship, including inability to complete necessary repairs, loss of use of portions of the Property, and continuing exposure to weather and safety hazards.

14.    Plaintiff retained counsel to pursue this action and is entitled to recover reasonable attorneys' fees and costs pursuant to HRS Section 431:10-242.

### COUNT I – BREACH OF CONTRACT

15.    Plaintiff repeats, realleges, and incorporates paragraphs 1 through 14 as though fully set forth herein.

16.    The Policy constitutes a valid and enforceable contract between Plaintiff and Defendant, obligating Defendant to provide insurance benefits for covered losses.

17.    Plaintiff suffered a covered loss to the Property and performed all obligations under the Policy.

18.    Defendant breached the Policy by failing to acknowledge the covered loss and failing to pay all benefits owed, including repair costs, additional living expenses, and other policy benefits.

19.    As a direct and proximate result of Defendant's breach, Plaintiff has sustained damages in an amount to be proven at trial, including but not limited to the cost of repair, consequential damages, and statutory attorneys' fees.

### COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

20.    Plaintiff repeats, realleges, and incorporates paragraphs 1 through 19 as though fully set forth herein.

21.    Defendant owed Plaintiff a duty of good faith and fair dealing in handling Plaintiff's claim, including a duty to timely and reasonably investigate, evaluate, and pay benefits owed under the Policy.

22.    Defendant breached this duty by unreasonably delaying and withholding payment, failing to properly investigate, and failing to provide reasonable justification for denial or underpayment.

23.    Defendant's conduct was unreasonable, without proper cause, and in reckless disregard of Plaintiff's rights.

24.    As a result, Plaintiff suffered additional damages, including financial losses, emotional distress, and attorneys' fees.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.    Plaintiff repeats, realleges, and incorporates paragraphs 1 through 24 as though fully set forth herein.

26.     Defendant's actions, including willful denial of benefits without just cause, prolonged delay in claim handling, and failure to conduct a proper investigation, were outrageous and intolerable in a civilized society.

27.     Defendant acted with the intent to cause, or in reckless disregard of the probability of causing, severe emotional distress to Plaintiff.

28.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress, including anxiety, stress, and mental anguish, warranting compensatory and punitive damages.

### COUNT IV – BAD FAITH

29.     Plaintiff repeats, realleges, and incorporates paragraphs 1 through 28 as though fully set forth herein.

30.      Defendant withheld benefits that were owed under the terms of the insurance policy.

31.     The withholding of benefits was unreasonable and without proper cause.

32.     Defendant's conduct was conscious and deliberate that unfairly frustrated the agreed common purposes of the insurance contract and the reasonable expectations of the insured Plaintiff.

33.     Plaintiffs suffered damages as a direct and proximate result of Defendant's actions.

WHEREFORE, Plaintiff, Antonio and Frellie Sayno, respectfully prays for judgment against Defendant, State Farm Fire and Casualty Company, as follows:

A.    For all contractual damages, including amounts due under the Policy for property damage, loss of use, and additional coverages;

B.    For general and special damages, including consequential damages arising from Defendant's breaches;

C.    For pre-judgment and post-judgment interest as allowed by law;

D.    For attorneys' fees, expert fees, and costs pursuant to HRS § 431:10-242 and HRS § 607-14;

E.    For punitive damages for Defendant's willful and outrageous conduct;

F.    For such other and further relief as this Court deems just and proper.


DATED:    Wailuku, Hawaiʻi, August 4, 2025.


           */s/ Aaron K. Wills, Esq.*
           Aaron K. Wills, Esq.
           Attorney for Plaintiffs
           Antonio and Frellie Sayno

Pono Law Group – Professional Law Corporation
Aaron K. Wills, Esq. (Hawaii Bar No. 10660)
2909 Waialae Avenue #27
Honolulu, HI 96826
Telephone: (808) 501-0150
Email: awills@ponolawgroup.com
Attorney for Plaintiffs
Antonio and Frellie Sayno

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ANTONIO AND FRELLIE SAYNO,<br><br>      Plaintiff(s),<br><br>  v.<br><br>STATE FARM HIRE AND CASUALTY COMPANY,<br><br>      Defendant. | CIVIL NO. _____<br><br>    (Contract)<br><br>DEMAND FOR JURY TRIAL; SUMMONS |

## DEMAND FOR JURY TRIAL

Plaintiff, Antonio and Frellie Sayno, by and through the undersigned attorneys, hereby demands a trial by jury on all issues triable herein. This demand is made pursuant to Rule 38 of the Hawaii Rules of Civil Procedure and the records and files herein.


DATED:    Wailuku, Hawaiʻi, August 4, 2025.



_/s/ Aaron K. Wills, Esq._
Aaron K. Wills, Esq.
Attorney for Plaintiffs
Antonio and Frellie Sayno