GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| EDMUND K. SAFFERY | 5860-0 |
| esaffery@goodsill.com | |
| MATTHEW D. EZER | 10953-0 |
| mezer@goodsill.com | |
| KELLIE K. L. WONG | 11870-0 |
| kwong@goodsill.com | |

First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
STATE FARM FIRE AND
CASUALTY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ANTONIO AND FRELLIE SAYNO,<br><br>    Plaintiffs,<br><br> vs.<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY,<br><br>    Defendant. | CIVIL NO. 1:25-cv-00376-HG-KJM<br><br>DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER TO COMPLAINT FILED AUGUST 4, 2025; CERTIFICATE OF SERVICE |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
ANSWER TO COMPLAINT FILED AUGUST 4, 2025**

Defendant STATE FARM FIRE AND CASUALTY COMPANY ("State Farm" or "Defendant"), by and through its attorneys, Goodsill Anderson Quinn & Stifel, LLP, hereby submits its answer to Plaintiffs ANTONIO AND FRELLIE SAYNO ("Plaintiffs") Complaint, filed August 4, 2025 ("Complaint") in the Circuit Court of the Second Circuit, State of Hawaiʻi, and subsequently removed to the United States District Court for the District of Hawaiʻi on September 4, 2025, as follows:

FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

2. Answering Paragraph 1 of the Complaint, Defendant states that it does not know what Plaintiffs believe constitutes "[a]t all times material" and as such, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1.

3. Answering Paragraph 2 of the Complaint, Defendant states that it is an insurance company that does business in the State of Hawaiʻi. Defendant is without knowledge or information sufficient to allow it to ascertain what Plaintiffs believe constitutes "at all times material".

4. Answering Paragraph 3 of the Complaint, Defendant states that it issued an insurance policy ("Policy") to Plaintiffs and that the Policy speaks for itself. Defendant is without knowledge or information sufficient to allow it to ascertain what Plaintiffs believe constitutes "at all time[s] material".

5. Paragraphs 4 and 5 of the Complaint contain legal conclusions and assertions to which no response is required. To the extent a response is required, Defendant states that the allegations in Paragraphs 4 and 5 have been rendered moot by the removal of this matter from the Circuit Court of the Second Circuit of the State of Hawaiʻi to the United States District Court for the District of Hawaiʻi.

6. Answering Paragraphs 6 of the Complaint, Defendant states that it is unable to determine what Plaintiffs believe constitutes "[a]t all times material" and as such, it is without knowledge or information sufficient to allow it to admit or deny the allegations contained in said paragraph.

7. Answering Paragraph 7 of the Complaint, Defendant states that it is unable to determine what Plaintiffs believe constitutes "at all relevant times" and as such, it is without knowledge or information sufficient to allow it to admit or deny the allegation contained in said paragraph.

8. Answering Paragraphs 8, 9, 10, and 11 of the Complaint, Defendant states that Plaintiffs filed a claim for losses with State Farm for damage

3

allegedly sustained on or about August 2, 2023.  Defendant further states that it assigned claim number 51-54B1-74C to Plaintiffs' claim.  Defendant denies Plaintiffs' characterization of the damages claimed and that said damages constitute losses for which they are owed indemnity under the Policy.

        9.     Answering Paragraph 12 of the Complaint, Defendant states that it paid benefits to Plaintiffs for damage they claim was sustained to the subject property on August 2, 2023.  Defendant denies Plaintiffs' contention that it underpaid or denied benefits owed under the Policy.

        10.    Paragraph 13 of the Complaint is Denied.

        11.    Answering Paragraph 14 of the Complaint, Defendant denies Plaintiffs' assertion that they are entitled to an award of attorneys' fees in this action pursuant to HRS Section 431:10-242.

        12.    Answering Paragraph 15 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1-14 of the Complaint as though fully set forth herein.

        13.    Answering Paragraph 16 of the Complaint, Defendant states that the Policy and its terms and conditions speak for themselves.

        14.    Paragraphs 17, 18, and 19 of the Complaint are denied.

15. Answering Paragraph 20 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1-19 of the Complaint as though fully set forth herein.

16. Answering Paragraph 21 of the Complaint, Defendant states that the allegations of said paragraph constitute a legal assertion to which no response is required. To the extent a response is required, Defendant affirmatively states that it at all times acted in good faith in the handling of Plaintiffs' claim.

17. Paragraphs 22, 23, and 24 of the Complaint are denied.

18. Answering Paragraph 25 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1-24 of the Complaint as though fully set forth herein.

19. Paragraphs 26, 27, and 28 of the Complaint are denied.

20. Answering Paragraph 29 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1-28 of the Complaint as though fully set forth herein.

21. Paragraphs 30, 31, 32, and 33 of the Complaint are denied.

22. Defendant denies any and all allegations contained in the Complaint which are not specifically admitted herein.

23. All prayers for relief contained in the Complaint are denied.

## THIRD DEFENSE

24. Defendant gives notice that it will rely upon the defense that coverage under the Policy, as well as Plaintiffs' claims against Defendant, are barred by the terms, exclusions, conditions, and limitations contained or incorporated into the Policy, including any and all endorsements.

## FOURTH DEFENSE

25. Plaintiffs' injuries and/or damages, if any, were the result of acts or omissions by others over whom Defendant had no control or authority.

## FIFTH DEFENSE

26. Defendant gives notice that it may rely upon the defense that Plaintiffs' recovery, if any, is barred by Plaintiffs' failure to mitigate their damages.

## SIXTH DEFENSE

27. Defendant will rely upon the defense that its conduct was permitted by the Policy.

## SEVENTH DEFENSE

28. Defendant's actions were at all times in compliance with applicable statutes, regulations, rules, and policy provisions.

## EIGHTH DEFENSE

29. Defendant did not violate any contractual, statutory, or common law duty owed to Plaintiffs.

## NINTH DEFENSE

30. Defendant at all times acted in good faith in handling Plaintiffs' claim.

## TENTH DEFENSE

31. Defendant gives notice that it may rely upon the defense that to the extent Plaintiffs breached or failed to comply with the terms and conditions of the Policy, Plaintiffs are barred from recovery.

## ELEVENTH DEFENSE

32. To the extent that Plaintiffs seek any extra-contractual damages from Defendant, Defendant denies any liability to Plaintiffs for any alleged extra-contractual damages.

## TWELFTH DEFENSE

33. Defendant gives notice that it will rely upon the defense that Plaintiffs' claim for punitive damages against Defendant violates Defendant's right to due process and equal protection under the Constitutions of the State of Hawaii and the United States.

## THIRTEENTH DEFENSE

34.     Defendant reserves the right to rely upon any matter constituting an avoidance or affirmative defense, and to seek leave to amend its answer to allege any such matters of which it may become aware during the course of discovery or trial of this action.

WHEREFORE, Defendant prays that the Court:

A. Enter judgment in favor of Defendant and against the Plaintiffs on all counts of the Complaint;

B. That the Court dismiss the Complaint against the Defendant with prejudice and award Defendant its costs and attorneys' fees; and

C. Grant such further relief as it deems just and equitable.

DATED:  Honolulu, Hawaiʻi, September 11, 2025.

>*/s/ Edmund K. Saffery*
>EDMUND K. SAFFERY
>MATTHEW D. EZER
>KELLIE K. L. WONG
>
>Attorneys for Defendant
>STATE FARM FIRE AND
>CASUALTY COMPANY

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| EDMUND K. SAFFERY | 5860-0 |
| esaffery@goodsill.com | |
| MATTHEW D. EZER | 10953-0 |
| mezer@goodsill.com | |
| KELLIE K. L. WONG | 11870-0 |
| kwong@goodsill.com | |

First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
STATE FARM FIRE AND
CASUALTY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANTONIO AND FRELLIE SAYNO, | CIVIL NO. 1:25-cv-00376-HG-KJM |
| Plaintiffs, | CERTIFICATE OF SERVICE |
| vs. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was duly served on the following on the date noted below:

*Served via CM/ECF*

AARON K. WILLS, ESQ.
Pono Law Group
2909 Waialae Avenue #27
Honolulu, Hawaiʻi 96826

Attorneys for Plaintiffs
ANTONIO AND FRELLIE SAYNO

DATED: Honolulu, Hawaiʻi, September 11, 2025.

*/s/ Edmund K. Saffery*
EDMUND K. SAFFERY
MATTHEW D. EZER
KELLIE K. L. WONG

Attorneys for Defendant
STATE FARM FIRE AND CASUALTY COMPANY